Ruffist, C. J.
 

 The Court is of opinion, that neither of the exceptions can be sustained, and that the judgment must be affirmed. It is true, if the plaintiff had received payment from Sharp, so that no debt existed, this action would not lie. But it was held correctly, that there was no evidence from which the payment could be justly inferred. The declaration of the plaintiff, that Sharp left “ some papers” with him, and, if he could collect them, he hoped not to lose much, is too vague to authorise a finding of satisfaction. There is nothing to point out what the “ papers” were, or that they were received in satisfaction. If it may be assumed, that they were securities for money deposited with the plaintiff as an indemnity, it does not appear, that they were on solvent persons, nor what was their amount, nor that they were then, or even now, due ; much less that they had been collected. Under such circumstances it could not be judicially held, that any part of the debt had been paid.
 

 Upon the point respecting the statute of limitations, it is to be noticed, that two j'ears had not elapsed between the payment of the money by the plaintiff and the removal of Sharp. It is unnecessary, therefore, to consider, whether a person, sued for fraudulently removing a debtor, can insist on the defence, that the statute would, at the time of the removal, have barred an action against the debtor; or, if he can, whether it may be done on the general issue, or must be pleaded. Those points do not arise in the case; for the plaintiff was entitled both to
 
 *264
 
 his debt, and to his action against Sharp, when he was removed.
 

 By removing him, an action arose against the present defendant for the debt, which might be brought at any time within three years : and the plaintiff was under no obligation to prosecute Sharp further. Consequently, it cannot affect the remedy against the defendant, that, ai» terwards, the time ran so as to become a bar to an action against the original debtor. The remedies are of different natures and independent; and, while the debt exists, the creditor may take his remedy against either of the parties, or, indeed, proceed separately against both of them at the same time.
 

 It is true, that removing a debtor from one to another part-ef a county, though with the intent and expectation at the time, that the debtor should remove out of the county, is not within the Act, if the debtor do not actually carry the intention into execution. For it is the removal out of the county, which makes the person, removing a debtor, liable for his debts, and the parties may change their purposes. But that was not the case here, as the fact was undisputed, that Sharp did go out of the county, according to the original design ; and, in such a case, a person who helps him by carrying him or his property a part of the way, in order to assist him in getting out of the county, becomes bound for his debts, although he did not convey the debtor or his goods entirely out of the one county into another. The statute is remedial, for the prevention of frauds on creditors, and is entitled
 
 to
 
 a liberal interpretation. It would be a fraud on it to allow it to be evaded by carrying the debtor to the county line. But, in truth, the case is within the words, as well as the meaning of the Act. For,, not only removing, but “ aiding or assisting” in removing a debtor, with intent to defraud his creditors, makes a person liable for all debts in the county.
 

 
 *265
 
 The Court concurs also in opinion, that the circumstances mentioned by his Honor were sufficient to be left to the jury to charge the defendant with a knowledge of the plaintiff’s debt, if such knowlege were necessary to that purpose. But we think very clearly that it is not one, who, removes a debtor with the fraudulent purposes to put him or his property beyond the reach of his creditors generally, that is liable for all he owes in the County, though he have not specific notice of particular debts, nor even suspects their existence. The language of the act is, that any person, who shall remove a debtor out of any County with intent to defaud “ the creditors of such debtor, shall be liable to pay, all debts” which the debtor may justly owe in the County, and not those only of which he knew, or had reason to believe the existence. It is necessary, indeed, that the party should have some knowledge or belief of an indebtedness of the person removed, in order to authorise an inference of an intent to defraud creditors. But when, from direct evidence, or from the circumstances of the case, such as the general known pecuniary condition of the person removed, and the secret manner of the removal, the jury is satisfied of the general purpose to help the debtor to escape from his creditors, the act attaches, and gives- to every creditor, this remedy, although he, who removed the debtor, might have had no knowledge of the particular debt, and could therefore have had no intent to defraud one creditor in particular. A contrary construction would defeat the act altogether, as it must be almost impossible to fix the .party with precise knowledge of the various debts, or even to show enough to put him on enquiry as to the spe-cifie debts. The true principle of construction of this act is that applied to
 
 Stat.
 
 IS
 
 Elh.
 
 which is, that what is fraudulent as to one creditor, is fraudulent as to all creditors, or, at least, all existing at the time. Both the policy and the words of the act of 1820, require this construction.
 

 
 *266
 
 With respect to the measure of damages, the langage of the act leaves no discretion in the Court or the jury. The enactment is positive, that a person removing, or aiding in removing a debtor, “ shall be liable to pay
 
 all debts”
 
 in the Couuty; “ which
 
 debts
 
 maybe recovered by the creditors respectively by an action on the case.”
 

 Per Cueiam. Judgment affirmed.